(No. 4209

FLORENCE M. FLYNN, ADMX., ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 7, 1949.*

*Supplemental Opinion filed May 9, 1950.*

JAMES R. REILLY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

On July 6, 1949, a complaint was filed in this Court seeking to recover from respondent the sum of $2,500.00 for the wrongful death of James A. Flynn, a patient at the Peoria State Hospital, which death was alleged to have resulted from the negligence of the agents and servants of respondent.

Paragraph 5 of the complaint alleged that a coroner's inquest was held in Peoria County which inquired into the circumstances attending the death of said James A. Flynn, and said paragraph further contains the allegations that the death of said James A. Flynn was found by the coroner's inquest to be due to injuries received in a fall over a stairway banister on the third floor of one of the buildings of said Peoria State Hospital as a result of which fall James A. Flynn sustained injuries which caused his death the following day.

Paragraph 6 of said complaint quotes from the findings of the coroner's jury, which in substance state that open stairways at the Peoria State Hospital are a dangerous hazard to all patients at the hospital, and the jury recommends that the stairways be enclosed in the future for the safety of all patients.

On September 16, 1949, more than thirty days subsequent to the filing of the complaint, respondent filed

a motion to strike the complaint for the reason that the allegations of paragraphs 5 and 6 as above set forth are improper and are pleaded in contravention of Ill. Rev. Stat. 1949, Chap. 31, Sec. 19, which in substance provides that neither the coroner's verdict nor a copy thereof shall be admissible in any civil action as evidence to prove or establish any of the facts in controversy.

Respondent has called up this motion to strike for determination by the Court, and claimant has filed a brief in opposition to the motion to strike.

A written opinion is being filed herein for the sole purpose of informing practitioners before this Court of the interpretation given to the rules of this Court, specifically Rules 11 and 24.

Aside from the fact that respondent's motion to strike is not directed to the entire complaint but only to two paragraphs thereof, and on the basis of said motion only those two paragraphs could be stricken if the motion were granted, respondent's motion has been filed too late.

Rule 11 of this Court provides that respondent shall answer within thirty days after the filing of the complaint and further provides that if respondent fails to answer "a general traverse or denial of the facts set forth in the complaint shall be considered as filed."

Rule 24 of this Court, among other things, provides that if a motion to dismiss is denied, respondent shall plead within thirty days thereafter.

This Court does hereby construe Rules 11 and 24 to mean that respondent has thirty days from the filing of the complaint to file either an answer to the complaint or a motion directed against the complaint. If respondent fails to file either a motion or an answer directed against the complaint within thirty days after the filing

thereof, respondent is held to have filed a general traverse or a denial of the facts set forth in the complaint and cannot after the expiration of the thirty day period raise questions by motion which could have been raised by a motion filed within the thirty day period. However, the jurisdiction of the Court to hear and determine a particular case may be raised at any time.

We do not intend by anything said herein to express an opinion at this time as to the admissibility of the facts pleaded in paragraphs 5 and 6 of the complaint in view of Ill. Rev. Stat. 1949, Chap. 31, Sec. 19, but we do hold that this case is at issue and ready for assignment to a Commissioner for hearing.

The motion of respondent to strike the complaint, having been filed too late, is hereby overruled.

---

## Supplemental Opinion

Lansden, J.

Claimant, Florence M. Flynn, Administrator of the Estate of James A. Flynn, deceased, on July 6, 1949, filed a complaint in this Court in which she sought to recover the sum of $2,500.00 for the wrongful death of claimant's intestate, a patient at the Peoria State Hospital.

Previously an opinion was filed in this case, *Flynn* v. *State,* No. 4209, opinion filed December 7, 1949, in which we discussed the effect of the failure of respondent to plead within the 30 day period allowed by Rules 11 and 24 of the rules of this Court. We held that the case was at issue and that respondent was deemed to have filed a general traverse or denial of the facts set forth in the complaint. The case was thereupon assigned to Commissioner Wise for hearing.

On March 21, 1950, such hearing was scheduled at the Peoria County Court House, Peoria, Illinois. Counsel for both parties appeared before Commissioner Wise and counsel for claimant announced that he had no evidence to offer maintaining that the complaint stated a prima facie case. Thereupon, counsel for respondent moved for what amounted to either dismissal for want of prosecution or for judgment for failure of claimant's proof. After a discussion, counsel for respondent offered in evidence the Departmental Report of the Department of Public Welfare. Thereupon counsel for claimant moved for a continuance, which motion Commissioner Wise denied. Counsel for claimant then announced he was standing on the complaint and that he had no objection to the Departmental Report being received in evidence as such but that he did object to conclusions appearing therein. He further admitted that a copy of the Departmental Report had been received by him prior to the hearing. The Departmental Report was then admitted in evidence, and claimant and respondent then rested and proofs were closed.

We hold that the refusal of Commissioner Wise to grant claimant's request for a continuance after the hearing had commenced was a proper exercise of his discretion, and we hereby approve his action.

We do further hold that a verified complaint filed in this Court does not make out a prima facie case. Any claimant still has the burden of offering evidence and proving a case by a preponderance of the credible evidence.

Claimant herein has failed even to prove her authority to act as administrator; she has not shown who are the next of kin of decedent, nor has she even attempted to prove any allegation in the complaint that

is basic to her recovery. The Departmental Report contains no statement of any facts that can be the basis of a finding that the negligence of any agent or servant of respondent was the proximate cause of decedent's death.

For such utter and complete failure of proof an award must be and is hereby denied.